"This case comes before the court on defendant’s request filed December 30, 1977, for prompt review of the trial judge’s order of December 20, 1977, denying defendant’s motion to suspend proceedings in this court pending resolution of a criminal prosecution of plaintiff for the same conduct. Trial Judge Spector has certified the matter for prompt review under Rule 53(c)(2)(i).
"Defendant’s dispute with plaintiff, Litton Systems, Inc., arose from a contract between the Navy and Litton for the construction of three nuclear attack submarines. Litton submitted to the Navy a claim for the portion of cost increases it represented to be attributable to government-caused delays and disruptions during construction. This claim was first presented to the Navy’s contracting officer and then appealed to the Armed Services Board of Contract Appeals (ASBCA) which, in April 1976, awarded about $16 million of Litton’s $30 million claim. The parties subsequently agreed not to move for reconsideration of the Board’s decision. A fraud investigation of Litton had begun prior' to the trial before the ASBCA, but it was not until after the Board’s decision that the third grand jury (impanelled to determine whether Litton or its corporate officers had committed fraud in the presentation and justification of Litton’s claim to the Navy) returned an indictment. The indictment for violation of 18 U.S.C. § 287 *1057 (1970), prohibiting submission of a false claim upon the Government, was returned on April 6, 1977 against the Litton company only. Litton then filed suit here on the same day to obtain payment of the amount awarded by the ASBCA one year earlier. The criminal indictment was, however, dismissed by the District Court before trial because of alleged prosecutorial misconduct. The District Court found that the Government had at least impliedly threatened to indict plaintiff criminally if it did not agree to a retrial before the ASBCA of Litton’s claim for cost reimbursement (with each side permitted access to the grand jury material). This asserted prosecutorial misconduct was held to justify dismissal of the indictment against Litton. Appeal has been taken to the Fourth Circuit and is now awaiting oral argument as to whether the District Court had evidence sufficient to conclude that the prosecutor’s motives were improper, and, if so, whether dismissal of the indictment was the appropriate sanction.
"In the civil proceeding now before us, the Government has relied upon the criminal charges before the District Court in asserting, on information and belief, affirmative defenses, a counterclaim and a special plea in fraud. Litton’s claim to the Navy is alleged to be false, and fraud in the proof, statement or allowance of its claim against the United States is alleged to have been practiced — all in violation of 31 U.S.C. §§ 231-235 (1970), 28 U.S.C. § 2514 (1970). The Government’s motion to suspend this proceeding pending resolution of the criminal charges was denied by the trial judge primarily because of the long and indeterminate suspension being requested. We find, however, that a stay of the proceeding until the Fourth Circuit has decided the Government’s appeal is warranted in the circumstances.
"It seems clear that in the resolution of this suit the court will have to determine whether Litton’s claim was false and fraudulent and that this determination will require a great deal of overlap of witnesses and other evidence with the criminal prosecution if it is revived by the Fourth Circuit. The possible pendency of parallel civil and criminal proceedings involving at least many of the same matters cautions us to try to be sure that the broader *1058 discovery permissible in civil proceedings is not unnecessarily used to compromise parallel criminal proceedings. Peden v. United States, 206 Ct. Cl. 329, 339, 512 F.2d 1099, 1104 (1975). Here, the Government alleges that Litton’s discovery in the civil proceeding attempts to depose witnesses and to compel them to produce documents in their personal possession in order to obtain evidence that would not be available to Litton in the criminal proceeding prior to trial. It is further alleged that the depositions will be one-sided in that Litton already has access to some grand jury evidence and will be able artfully to impeach government witnesses while the defendant, lacking such information, will be unable to rehabilitate or refresh the recollections of the deponents. That Litton’s attempted civil discovery may be due to the way in which fraud has been raised in the Government’s answer, as plaintiff claims, does not alleviate the harm that may conceivably be caused by the discovery.
"We need not now decide whether these considerations would require suspension of the civil proceedings until the very end of the potential criminal prosecution. It is sufficient for the moment that we wait for the ruling of the Fourth Circuit (we understand that the appeal is to be argued shortly). As a matter of comity and for the pragmatic benefits that may accrue from a clarification of the issues by that court’s decision, we will stay these proceedings until the appeal has been decided. At that time, at the request of either party the equities can again be balanced to determine whether the Government has proven that a further stay is merited. Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955 (1963). Granting a stay at this time pending resolution of any additional appeals or efforts to review seems to us to be overly broad. See Landis at 257; Dellinger v. Mitchell, 442 F.2d 782, 785-87 (D.C. Cir. 1970); McSurely v. McClellan, 426 F.2d 664, 671-72 (D.C. Cir. 1970).
"As noted above, our decision at this time does not intimate the relative weight we give to a live criminal proceeding vis-a-vis a parallel civil proceeding. We merely find the decision to grant or deny a stay will be more easily *1059 resolvable, and without undue prejudice to plaintiff, by waiting until the possible pendency of a criminal trial is more clearly determined and the parties’ rights regarding access to information from the grand jury investigation more easily resolved. This will be possible following decision by the Fourth Circuit. In consideration of the trial judge’s order, and briefs of the parties, and without oral argument,
"it is ordered and concluded that defendant’s request for prompt review is granted, that the trial judge’s order is vacated, and that defendant’s request for a stay of proceedings is granted until the Fourth Circuit has rendered its decision on the parallel criminal matter now before it.”