C3, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 716–83C.

United States Claims Court.

April 2, 1984.

John T. Boese, Washington, D.C., for plaintiff.

Judith Rabinowitz, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

## ORDER

REGINALD W. GIBSON, Judge:

Subject contract case is before the court on defendant's motion to stay proceedings. In this case, plaintiff claims that it is owed $1,001,994 for equipment, maintenance, and other services provided to the United States Department of the Army pursuant to Contract DAAB09–77–D–0004. In its initial and amended complaint, filed December 2, 1983, plaintiff also seeks statutory interest under Section 12 of the Contract Disputes Act, 41 U.S.C. § 611, for defendant's alleged failure to make full and timely payment on its claims under said contract.

To date, defendant has *not* filed an answer to plaintiff's complaint. However, in a motion filed February 21, 1984, defendant requests a stay of proceedings, pending an on-going grand jury investigation of C3, Inc., and the matters raised in its complaint, "until such time as criminal prosecution is completed or declined" (*i.e.*, for an indeterminate period). Specifically, defendant states in its motion that the payments sought by plaintiff were suspended by the Army upon suspicion of fraud, and that the Army subsequently referred the matter to the Department of Justice, where it is presently undergoing a federal grand jury investigation in the Eastern District of Virginia. Accompanying defendant's motion for stay was an affidavit from the Assistant United States Attorney for the Eastern District of Virginia, averring that "a grand jury has been impanelled to investigate [plaintiff]" in connection with the same contract (No. DAAB09–77–D–0004) at issue

in subject litigation. Also contained in the affidavit was an estimate of the investigating Assistant U.S. Attorney that the investigation will be completed sometime this summer.

On March 9, 1984, plaintiff filed an extensive opposition to defendant's motion to stay proceedings in which it contends, *inter alia*, first, that defendant has failed to sustain its burden to demonstrate, at least at this posture, the need for and the propriety of a stay, because it has not shown with particularity that the same issues are involved in the instant case and in the grand jury's investigation. Moreover, plaintiff argues that even if the same issues are involved in both proceedings, defendant must demonstrate that going forward with subject litigation would interfere in some significant and impermissible way with the criminal investigation, and defendant has not so shown. Plaintiff further contends that the government itself has initiated concurrent civil proceedings against plaintiff, and that equity would not be served at this juncture if the court accedes to defendant's request to stay the civil proceedings filed by plaintiff. Finally, plaintiff avers that it would incur substantial financial harm from a stay of proceedings because of the substantial amount of, and its cash flow need for, the claimed amount.

## DISCUSSION

RUSCC 1 mandates that the court *construe* the Rules of the United States Claims Court so as to secure the just, speedy, and inexpensive determination of every action. Further, RUSCC 77.1(a) envisions that each judge shall manage assigned cases so as to provide for the prompt dispatch of business. The threshold question, therefore, appears to be whether the granting of a stay for an *indeterminate period,* and prior to the filing of an answer by defendant in this case, will do violence to the prescriptions of this court.

■ The power to stay proceedings has long been acknowledged as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). It is axiomatic therefore that an application for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255, 57 S.Ct. at 166.

■ Where a stay is obtained in a civil case, pending the completion of a criminal trial (or investigation), the primary hardship to the parties generally arises from the considerably narrower scope of discovery prevailing in criminal cases. *See Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962). Concomitantly, the apparent principal consequence sought to be avoided, in concurrent civil and criminal suits, is that "the broader discovery permissible in civil cases should not be used to compromise parallel criminal proceedings." *Litton v. United States,* 215 Ct.Cl. 1056, 1058 (1978). Where such a compromising situation is considered likely, the public's interest in law enforcement surfaces and mandates that criminal proceedings be given priority over the concurrent civil proceedings. *Peden v. United States,* 206 Ct.Cl. 329, 338–39, 512 F.2d 1099 (1975); *Campbell,* 307 F.2d at 487.

■ No general rule has been prescribed which delineates inclusive criteria for determining when a civil case will, *ipso facto,* impermissibly interfere with an on-going criminal proceeding. Understandably, such determinations must be made on a case-by-case basis. *See Campbell,* 307 F.2d at 487; *Shim v. Kikkoman International Corp.,* 509 F.Supp. 736, 740 (D.N.J.1981). Nevertheless, the common thread running through the pertinent case law, in civil and criminal cases where the parties are the same, is that before a civil case will be

suspended, substantially similar issues to those in the concurrent criminal proceeding must be before the court. *See e.g., Luigi Goldstein, Inc. v. United States,* 217 Ct.Cl. 733 (1978); *Litton,* 215 Ct.Cl. 1056; *McSurely v. McClellan,* 426 F.2d 664, 671 (D.C.Cir.1970). In cases involving a grand jury investigation, the predecessor Court of Claims seems to indicate that all that is required is that issues in the concurrent criminal and civil cases be "related." *See Luigi Goldstein, Inc.,* 217 Ct.Cl. 733.

■ On the other hand, the Supreme Court makes clear that the burden of establishing entitlement to a stay lies heavily on the movant to show a *clear* case of hardship on being required to go forward. *Landis,* 299 U.S. at 255, 57 S.Ct. at 166. The moving papers here do not so show. Here, the duration of the requested stay, *i.e.,* "until such time as criminal prosecution is either completed or declined," also appears to be *prima facie* "immoderate in extent." In such circumstances, the *Landis* case teaches that "discretion [is] abused if the stay [is] not kept within the bounds of moderation." *Id.* at 256, 57 S.Ct. at 167.

The Trial Division of the predecessor Court of Claims was faced with a substantially identical question to that currently before this court in the *Luigi Goldstein, Inc.* case, 217 Ct.Cl. 733. In that case, the defendant requested a stay of proceedings of a civil case, pending a grand jury investigation in a criminal case, before it had filed an answer. In an order issued on April 12, 1978, then Trial Judge Yannello required defendant to file an answer, so as to enable the court to better determine the extent of the issues (factual and legal) in dispute, and weigh the competing interests of the parties, including the duration of a period of permissible stay. Similarly, this court does not have an answer before it in the civil case, from which it can determine more definitively whether the issues in the instant case are related to those in the grand jury investigation. Because defendant's motion for a stay cannot be decided without such determinations, the court believes it to be most prudent at this posture

to track the definitive order in the *Goldstein* case, *supra.*

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall file an answer within 35 days of the date of this order, and at such time defendant must also file any supplement to its motion to stay of February 21, 1984;

2. Plaintiff shall be afforded 30 days, following the filing of defendant's answer, in which to file a supplement to its opposition to defendant's motion to stay;

3. In the interim, defendant's motion to stay proceedings shall be held in abeyance, and upon receipt of the foregoing, the court shall rule on defendant's motion of February 21, 1984, and the opposition thereto; and

4. At any time as may be appropriate, defendant may file a motion for leave to amend the answer required under paragraph 1 above, for purposes of incorporating information which becomes available during the grand jury proceedings which may require a modification to its answer, and such motion for leave shall be duly considered.