Ricardo **HORN**, Plaintiff,

v.

**DISTRICT OF COLUMBIA,**
et al., Defendants.

No. Civ.A. 01–0225 GK/DAR.

United States District Court,
District of Columbia.

Sept. 30, 2002.

William Charles Claiborne, III, Washington, DC, for Plaintiff.

William Mark Nebeker, Assistant U.S. Attorney, Washington, DC, Wayne C. Beyer, Washington, DC, for Defendants.

### *MEMORANDUM ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

The Motion of the United States Motion [sic] for 90–Day Limited Stay of Discovery (Docket No. 113) is pending for determination by the undersigned.[1] In the motion and memorandum in support thereof (hereinafter "motion"), the United States Attorney represents that his "investigation in the *Horn* matter" is ongoing, and that the "discovery contemplated by [the Court's August 15, 2002 Order] ... is likely to cause interference with an ongoing investigation of interest to the United States." Motion at 1.[2] The United States Attorney further represents that "the United States anticipates that within 90 days the criminal investigation into the *Horn* matter will reach a stage at which the prosecution will no longer be endangered by disclosure of the Metropolitan Police Department's file." *Id.* at 2. The United States

requests that "[i]n light of the foregoing, ... this Court stay discovery into the criminal investigative file related to the Horn investigation." *Id.* at 2–3.[3] Defendants concur in the request. *Id.* at 1.

Plaintiff opposes the motion, and maintains that the United States has failed to "[state] a reason" for the request for a 90–day stay. Plaintiff's Opposition to Motion of United States for a Stay of Discovery ("Plaintiff's Opposition") (Docket No. 114) at 1. Plaintiff argues that he would be unfairly prejudiced by the grant of the relief sought. *Id.* at 2.

The United States, in its reply, submits that "[p]laintiff ... has failed to establish any reason to risk endangering the criminal investigation by premature disclosure of the law enforcement investigative file to the parties in this litigation[.]" Reply in Support of Motion of the United States Motion [sic] for 90–Day Limited Stay of Discovery, and Memorandum in Support Thereof ("Reply") (Docket No. 116) at 1. The United States relies upon the decision of this Circuit in *McSurely v. McClellan,* 426 F.2d 664, 671 (D.C.Cir.1970), in support of the proposition that the 90–day stay requested "is proper." *Id.* at 6.

Counsel for the parties appeared before the undersigned on September 19, 2002 for a hearing on the motion. The Assistant United States Attorney who appeared at the hearing said, in response to the court's inquiry, that "the criminal investigation in the *Horn* matter" had been underway "at least since April, 2001." The Assistant United States Attorney explained that the United States Attorney seeks to limit discovery not

---

**1.** By an Order entered on August 5, 2002 (Docket No. 106) the undersigned granted the motion of the United States for limited intervention under rule 24 for the purpose of moving to limit discovery. The motion of the United States for a 120–day stay of discovery filed as an exhibit to the motion for limited intervention, was denied as moot at a hearing on September 19, 2002.

**2.** In December, 2001, when the United States first sought to limit discovery, *see* n. 1, *supra,* the United States Attorney represented that "[i]t is anticipated that a 120–day stay of discovery of law enforcement files relating to the *Horn* matter would satisfy the interests of the United States in this regard." Memorandum of Points and Au-

thorities in Support of Motion of the United States to Limit Discovery at 2. Included in that memorandum was a reference to an affidavit to be submitted *ex parte* and under seal. The undersigned granted the Motion of the United States for Leave to Submit *in Camera, ex Parte* Affidavit. *See* September 26, 2002 Order (Docket No. 120). In the motion for a 90–day stay, the United States Attorney incorporated by reference the memorandum of points and authorities in support of his first motion to limit discovery.

**3.** Additionally, the United States "reserves the right to seek a protective order as to any future investigations of police misconduct." Motion at 3, n. 1.

of his own files—which could not be requested by plaintiff in discovery in this case since the United States is not a party—but of the files of the Metropolitan Police Department's Internal Affairs Division.[4] When asked by the court to articulate the need for a stay of 90 days, the investigation having already consumed at least 17 months and the 120–day period for which a stay was first requested having already passed, the Assistant United States Attorney said, "I don't have specifics." [5]

## DISCUSSION

■ The decision to stay a civil action pending the completion or declination of a criminal investigation lies within the sound discretion of the trial court. *Landis v. North American Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also McSurely v. McClellan*, 426 F.2d 664, 671 (D.C.Cir. 1970); *Favaloro v. S/S Golden Gate*, 687 F.Supp. 475, 481 (N.D.Cal.1987); *United States v. Gieger Transfer Service*, 174 F.R.D. 382, 385 (S.D.Miss.1997); *St. Paul Fire and Marine Insurance Co. v. United States*, 24 Cl.Ct. 513, 515 (1991). However, no "general rule" governs the determination of whether a civil action will necessarily interfere with an ongoing criminal investigation, and the determination "must be made on a case-by-case basis." *St. Paul Fire & Marine Ins.*, 24 Cl.Ct. at 515. Moreover, "the mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." *Gieger Transfer Service*, 174 F.R.D. at 385.

■ No judge of this Court, nor any panel of this Circuit, has, in any published opinion, formulated the standard which governs the determination of whether a civil proceeding, or some portion thereof, should be stayed during the pendency of a criminal investiga-

tion. The most precise formulation of the standard requires that the movant

(1) make a clear showing, by direct or indirect proof, that the issues in the civil action are "related" as well as "substantially similar" to the issues in the criminal investigation; (2) ... make a clear showing of hardship or inequality if required to go forward with the civil case while the criminal investigation is pending; and (3) ... must establish that the duration of the requested stay is not immoderate or unreasonable.

*St. Paul Fire and Marine Ins.*, 24 Cl.Ct. at 515 (citation omitted); *cf. McSurely*, 426 F.2d at 671 (discretion of the district court "may be abused by a stay of indefinite duration in the absence of a pressing need") (internal citations omitted); *Favaloro*, 687 F.Supp. at 482 (court makes its determination regarding a stay pending the completion or declination of criminal proceedings "based on the facts of each case[,]" and "balances the unfairness to each party").

■ Upon consideration of the proffers and arguments of the United States, the undersigned finds that the United States has failed to establish any of the three elements of a movant's showing of good cause. With respect to the first element, the undersigned finds that the United States has made no effort to demonstrate that the issues in the civil action are "related" as well as "substantially similar" to the issues in the criminal investigation. The United States acknowledges that "[t]he Court's limitation of discovery 'in the August 15, 2002 Memorandum Order' has left nearly all of the investigations beyond the realm of the earlier discovery order[,]" and that "only the *Horn* investigation [is] pending and subject to disclosure[.]" Motion at 2. However, the United States does not, in its affidavit or elsewhere, proffer any facts regarding "the issues in the criminal investigation" which would warrant a

---

4. While the defendants concur in the United States Attorney's request for a stay, the Office of the Corporation Counsel, which represents the Metropolitan Police Department in this action, never made such a request.

5. At another point in the hearing, the Assistant United States Attorney appeared to blame plain-

tiff for the delay in the completion of the investigation through his failure "to cooperate" in it by not appearing before the grand jury. The Assistant United States Attorney later conceded that plaintiff appeared before the grand jury, as the Assistant United States Attorney assigned to the criminal investigation requested, in April, 2001.

finding that the issues in the instant civil action are "related" and "substantially similar." Indeed, in the memorandum in support of the motion for a 120–day stay, the United States Attorney represents that it is investigating "several" allegations of possible violations of the law,

> most of which have no relevance to the allegations in this case. Nevertheless, the disclosure of information regarding these pending investigations would likely thwart the effectiveness of the investigations at the current stages of those investigations and in one instance, would endanger the life of a confidential informant.

Memorandum of Points and Authorities in Support of Motion of the United States to Limit Discovery at 1–2 (citations omitted). A finding that the issues in the civil case and the criminal investigation are "related" and "substantially similar" is effectively precluded by the United States Attorney's own representations.

■ Additionally, the undersigned finds that the United States has failed to make "a clear showing of hardship or inequality if required to go forward with the civil case while the criminal investigation is pending[.]"[6] Rather, the United States represents simply that disclosure of the "one area of discovery" ordered by the Court "is likely to cause interference with an ongoing investigation of interest to the United States." Motion at 1. This claim of "likely ... interference" falls far short of the showing of "hardship or inequality" required to establish the second element of good cause. *See St. Paul Fire and Marine Ins.,* 24 Cl.Ct. at 515–17 (Supreme Court "places the heavy burden of establishing entitlement to a stay on the movant to show a *clear* case of hardship on being required to go forward.") (citation omitted).[7] To the extent that the United States seeks to show "hardship" through its affidavit, the undersigned finds that the as-

sertions made therein are entirely conclusory.

■ Finally, the undersigned finds that the United States has failed to show that the duration of the stay "is not immoderate or unreasonable." Counsel for the United States acknowledged that the criminal investigation has been pending since as early as April, 2001; the only reason proffered by the United States for its status as "ongoing" some 17 months later was retracted when it was shown to be inaccurate.[8] In response to the undersigned's further inquiry regarding the need for a stay of 90 days, the Assistant United States Attorney who appeared in court for the hearing on the motion said, "I don't have specifics." The United States relies upon *McSurely v. McClellan,* which it cites for the proposition that its request for a stay of 90 days "is proper" since it does not seek to withhold information "indefinitely[.]" Reply at 6. However, this Circuit held, in relevant part, only that the District Court may abuse its discretion "by a stay of indefinited duration in the absence of a pressing need." *McSurely,* 426 F.2d at 671. Nothing in *McSurely* suggests that a district court properly exercises its discretion to grant a stay simply because it is for a fixed term, or that a movant is thereby relieved of the requirement of showing good cause.

## CONCLUSION

For the foregoing reasons, it is, this ____ day of September, 2002,

**ORDERED** that the Motion of the United States Motion [sic] for 90–Day Limited Stay of Discovery (Docket No. 113) is **DENIED.**

---

6. *See* n. 4, *supra* and accompanying text. Indeed, the United States could not be required to "go forward with the civil case" since it is not a party to it, and therefore could not be required to provide discovery.

7. In obvious disregard of the applicable burden on the movant to establish good cause, the United States apparently seeks to shift its burden to

plaintiff. *See, e.g.,* Reply at 1 ("plaintiff has failed to establish any reason to risk endangering the criminal investigation by premature disclosure of the law enforcement investigative file to the parties in this litigation[.]").

8. *See* n. 5 *supra.*