UNITED STATES of America, Plaintiff,

v.

ANY AND ALL ASSETS OF THAT CERTAIN BUSINESS KNOWN AS SHANE COMPANY, etc., et al., Defendants.

No. 6:91CV00338.

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

Aug. 24, 1992.

As Modified March 9, 1993.

United States Atty., M.D. North Carolina, Greensboro, NC, for plaintiff.

Norman B. Smith, Margaret Rowlett, and Seth R. Cohen, Smith, Follin & James, Greensboro, NC; Carroll F. Gardner, Gardner, Gardner & Johnson, Mount Airy, NC; Larry Grant Reavis, Larry Talmadge Brown, Reavis, Thomas, Poole & Brown, Winston–Salem, NC; James A. Cole, Jr., Jonathan W. Biggs, Stubbs, Cole, Breedlove, Prentis & Biggs, Durham, NC; Benjamin F. Davis, Jr., Smith Helms Mulliss & Moore, Greensboro, NC; Stephen Douglas Poe, Bell, Davis & Pitt, P.A.; Michael E. Ray, Kurt Christopher Stakeman, Eric Cole Morgan, Womble Carlyle Sandridge & Rice, Winston–Salem, NC; Fredrick G. Johnson, Johnson, Bell & Rives,

Dobson, NC; Marc L. Isaacson, Isaacson & Isaacson, Greensboro, NC; Dennis L. Guthrie, Murchison, Guthrie, Davis & Henderson, Charlotte, NC; Lawrence J. Friedman, Lloyd Ward, Friedman & Associates, Dallas, TX; Thomas W. Anderson, Pilot Mountain, NC; H. Lee Merritt, Jr., Folger and Folger, Mount Airy, NC; Richard J. Keshian, Elizabeth L. Moore, Petree Stockton, Winston-Salem, NC; M. Slate Tuttle, Jr., Williams, Boger, Grady, Davis & Tuttle, P.A., Kannapolis, NC; and John Lawler Hash, King, NC, for defendants and claimants.

Robert H. Edmunds, Jr., U.S. Atty., Gill P. Beck, Asst. U.S. Atty., Greensboro, NC, for U.S.

Internal Revenue Service, Charles K. Craver, Revenue Officer, pro se.

Surry Orthopaedic Associates, P.A., J. Gillum Burke, M.D., pro se.

Greenbrier Villas Condominium Ass'n, Inc., Roger Webb, pro se.

Roger Webb, pro se.

## ORDER

ELIASON, United States Magistrate Judge.

This matter comes before the Court on the government's motion to stay all proceedings until the completion of the criminal investigation involving several claimants in this case or to issue a protective order prohibiting discovery until said criminal matters have been concluded. Claimants Grady J. Mitchell and Brian K. Thomas oppose the motion.

In July 1991, complaints of forfeiture and warrants for the arrest of properties issued with respect to the Shane Company, a trucking business located in Surry County, North Carolina. In addition, real property connected with that company and/or individuals of Shane Company were also seized. In September 1991, the Court rejected claimants' request for a preliminary injunction against the forfeiture proceedings. The Court permitted the government to proceed and has allowed it to file under seal portions of the affidavits supporting the forfeitures. In addition, the Court permitted the interlocutory sale of the assets of the Shane Company.

The government argues that a stay of the discovery in this civil proceeding is necessary to prevent claimants from compromising the criminal investigation which focuses upon them. An FBI agent has filed an affidavit indicating that allowing claimants to have unrestricted access to the criminal investigative files could endanger informants, witnesses and compromise the government's ability to conclude its investigations. Plaintiff particularly argues that the claimants cannot be adversely affected since, in denying claimants' request for a preliminary injunction, the Court found that the Shane Company had been run as a sham and was not a profitable corporation. The government further points out that the parties have agreed to a public sale of the assets of the Shane Company and that the proceeds are now in an interest bearing account. Next, the government points out that because claimants themselves are the targets of a criminal investigation, it might be awkward for them to proceed with discovery in this forfeiture action since they would be in a position of possibly incriminating themselves. Finally, the government urges that the Court not permit discovery under the circumstances of this case because it would merely provide claimants with an attempt to obtain discovery in the pending criminal investigation which they are otherwise not entitled to have.

Claimants argue that criminal indictments have not been issued in this case and that the investigation has apparently been inactive since the fall of 1991. Thus, claimants conclude that even if the Court accepts the government's argument that discovery could prejudice its criminal case, because of the already lengthy time of investigation in this case, there is no reason to believe that the investigation might not continue for a substantially longer time period, thereby prejudicing the claimants. Furthermore, claimants complain that after they sent their discovery requests, the United States did not object to them, but rather sought a continuance until April 14, 1992. Only after that date was reached, did the government move for a protective order. Thus, claimants inferentially indicate that the government may not be proceeding in good faith, or at least did not act responsibly by not seeking a stay in the first instance. This second argument causes the Court some concern and the government has not supplied an adequate re-

sponse. Making last minute motions to stay in such fashion does raise doubts about plaintiff's good faith.[1] However, that alone does not convince the Court that the government's motion should be denied in its entirety.

■ This Court has authority to stay civil proceedings pending the resolution of criminal investigations. *St. Paul Fire and Marine Ins. v. United States*, 24 Cl.Ct. 513 (1991); *Campbell v. Eastland*, 307 F.2d 478 (5th Cir.1962), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). However, such stays should not be indefinite ones. *United States v. Banco Cafetero Panama*, 797 F.2d 1154 (2d Cir.1986). The motion to stay, in reality, seeks a protective order pursuant to Fed.R.Civ.P. 26(c) and thus the petitioner must show good cause for such an order. *Board of Gov. of Federal Reserve Sys. v. Pharaon*, 140 F.R.D. 642 (S.D.N.Y. 1991).

The public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings. *St. Paul Fire and Marine Ins. Co. v. United States, supra*. When such joint proceedings are pending, there are inevitably conflicts which arise from such joint investigations because of their different focus and purpose. In addition, there is a great disparity in the discovery process. *Id.* Criminal investigations have a much narrower scope of discovery and courts may protect that difference on behalf of the public. *Id.; Campbell v. Eastland, supra.*

■ When a civil proceeding may interfere with a criminal investigation, it is not uncommon that the United States will seek to stay discovery in the civil action in order to protect the criminal investigation. In such circumstances, the stay is often sought until an indictment is returned or until the conclusion of the criminal trial. Such requests are presumptively reasonable, nothing else ap-

pearing. *See St. Paul Fire and Marine Ins. Co. v. United States, supra*. However, the defendant also has due process rights and the grant of a stay should not be indefinite. *Id.; United States v. Banco Cafetero Panama, supra.*

■ In order to show good cause to support a stay of civil discovery, the government must show that the two proceedings are related and substantially similar so that the same evidentiary material likely will be involved and that the government's case may be compromised. When such a showing is made, the Court should consider granting a stay so long as it is not indefinite in either scope or duration. *Id.* In determining the length and breadth of a stay, the Court may consider whether the party opposing the stay itself is ready and able to fully participate in the discovery process. *Board of Gov. of Federal Reserve Sys. v. Pharaon, supra*. If that party is not in a position to provide discovery, the Court may look more favorably upon staying all discovery in order to prevent overreaching by or unfairness to any one party. Notwithstanding, the Court must also balance any substantial harm to the claimant and his interest in obtaining a prompt and fair resolution of the civil action concerning property in which he may have an interest against the government's interest in preserving the integrity of its criminal investigation and the narrow scope of criminal discovery. *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 871–73 (3d Cir.1976).

■ The Court could either stay civil discovery pending resolution of the criminal matter, allow discovery to proceed without restrictions, or allow discovery to proceed but tailor the discovery to minimize its effect on the criminal matters. In the instant case, claimants argue that the Court should allow

---

1. Subsequent to the entry of this Order, the Court has been informed by joint motion of the plaintiff United States of America and claimants Brian Keith Thomas, Grady Mitchell, and Shane Company, of the reasons underlying the government's request for continuance prior to seeking a stay of discovery. The Court notes that claimants state that at no time in dealing with this matter was there a hint or suggestion of bad faith on the part of the government and that the parties were attempting to resolve the matter during the continuance. Upon consideration of the reasons for the continuance as set forth in the joint motion, the Court hereby finds that the government was acting in good faith and pursuant to the Federal Rules of Civil Procedure in seeking a continuance prior to seeking the stay of discovery.

unrestricted discovery or at least some limited discovery. They contend that staying discovery for a lengthy period of time could cause the loss of valuable evidence and dull memories. This is not an unwarranted concern. However, the Court is concerned that if it permits unrestricted discovery in the instant case, it would be of a one way nature.

In order to avoid the appearance of over-reaching, the government has not sought discovery from the claimants. If pressed by claimants' discovery demands, the government could change its position. If so, claimants may well take the Fifth Amendment, if deposed, until the criminal matters have been resolved. While claimant Grady Mitchell did not invoke his privilege at the preliminary injunction hearing, claimant Thomas did. Moreover, claimant Mitchell may well change his mind and now invoke the Fifth Amendment protection against self-incrimination. The claimants' assertion that they should be given use immunity from prosecution if noticed for deposition is not well-taken. If claimants do not want to provide discovery now, the Court fails to see how letting only claimants conduct their discovery will substantially advance the civil matter. But, it could interfere with the government's criminal investigation.

Under the circumstances where the criminal investigation is pending and prior to indictment, *and* where claimants will not be able to fully provide discovery answers, the Court is less inclined to permit discovery or to allow partial discovery. The effort to formulate and implement such a workable discovery plan would be somewhat substantial in relationship to the benefits gained. Thus, a short stay of discovery normally provides the better solution to the problem. This is particularly true in this case where there has been more than just an *ex parte* finding of probable cause as is normally true in forfeiture cases. Here, the Court found probable cause after a preliminary injunction hearing. Finally, the claimants have not made a substantial showing of injury to them if a short stay is granted. However, the Court does not rule out that partial discovery

should be granted if the investigation in this case continues much longer.

At present, the Court has not been given a time date for potential indictments. A substantial amount of time has already passed since the initial forfeiture action was brought. The Court notes that the government itself indicated it was not seeking an indefinite stay of proceedings. Rather, it argued that a stay of proceedings of approximately four months would be adequate. This would put the stay some time at the end of September or first of October.

Considering all of these factors, the Court concludes that a stay of these proceedings to October 1, 1992 is justified. At that time, if indictments have not issued in this case, the government shall report to the Court the status of the criminal investigation and a plan to permit partial discovery in this case excepting those areas that could be deemed critical to the criminal investigation. Should an indictment have, in the meantime, issued, the parties shall meet and confer concerning the best way to further handle the discovery matters in this case and present a joint order for the Court's signature, or should they fail to agree, then briefly inform the Court of each of their separate views as to how to further proceed in this matter.

IT IS THEREFORE ORDERED that the government's motion for a stay of all discovery in these proceedings and/or for a protective order pursuant to Fed.R.Civ.P. 26 be, and the same hereby is, granted and all discovery is hereby stayed in this action until October 1, 1992 on such terms and conditions as are further stated in the body of this Order.