**UNITED STATES of America, Plaintiff,**

v.

**GIEGER TRANSFER SERVICE, INC. (also known as Gieger Ambulance Service, Inc.), Jeff Gieger and Tracie Gieger, Defendants.**

**Civil Action No. 3:97CV214LN.**

United States District Court,
S.D. Mississippi.

Aug. 18, 1997.

---

John G. Corlew, Douglas J. Gunn, Watkins & Eager, Jackson, MS, for Gieger Transfer Service,Inc.

Jess Hays Dickinson, Stephen M.Cozart, Page, Mannino, Peresich, Dickson & McDermott, Gulfport, MS, for Jeff Gieger.

Joel Hirschhorn, Joel Hirschhorn, P.A., Coral Gables, FL, for Tracie Gieger.

### ORDER

NICOLS, United States Magistrate Judge.

This cause is before the court upon the Plaintiff's motion for protective order, assertion of law enforcement privilege, and motion to stay proceedings. For the reasons more fully discussed below, the court denies the motion.

On March 31, 1997, the United States of America filed a complaint under the False Claims Act against Gieger Transfer Service, Inc., Jeff Gieger, Tracie Gieger, and James E. "Bo" Gieger. Gieger Transfer Service, Inc., an ambulance service, became a Medicare participant in April, 1992, and the individual Giegers were owners or employees of the business. The complaint alleged that the Defendants submitted false Medicare claims in violation of 31 U.S.C. § 3729(a)(1), (2), and (3), in that claims were submitted for ambulance transportation for ambulatory patients, patients for whom ambulance transportation was not medically necessary, and patients being transported to non-approved locations. Additionally, the complaint alleged that the Defendants routinely waived Medicare co-payments or deductibles, thus effectively reducing the actual amount of their bills. The complaint sought damages pursuant to the False Claims Act, common law fraud, unjust enrichment, payment under mistake of fact, and breach of contract. According to the complaint, the claims upon which it was based were submitted during and after October, 1994.

On May 7, 1997, Jeffery Gieger and Tracie Gieger were indicted in the Eastern District, in case no. 97–CR–00013, on charges of filing false and fraudulent claims for payment to the Medicare Part B Program, in violation of 18 U.S.C. § 286. Specifically, the Giegers were charged with receiving payment for

J. Clifton Johnson, II, U.S. Attorney's Office, Jackson, MS, for U.S.

ambulance transportation to destinations not permitted by law, not medically necessary, and for patients whose ambulatory state did not require such transportation. In addition, Tracie Gieger was charged with money laundering.

On June 17, 1997, Bo Gieger was voluntarily dismissed from the civil lawsuit. On July 8, 1997, Defendant Jeffery Gieger noticed the deposition of Bo Gieger in the civil action. The Government has filed this motion for a protective order and other relief, seeking to prevent that deposition and to stay discovery proceedings in this case until the resolution of the criminal action against Jeffery and Tracie Gieger.

■ In support of its motion, the Government has argued that permitting the Defendants to depose Bo Gieger in the civil case will have the effect of allowing them to subvert the limitations on discovery in the pending criminal action. To bolster its argument, the Government has cited numerous cases in which stays of discovery have been granted in civil cases where parallel criminal cases were pending. Most of those cases, however, are not directly on point, in that either the civil litigation or the request for relief from discovery was instigated by the non-government party. *U.S. v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970) (corporate defendant in simultaneous civil and criminal litigation requested stay); *U.S. v. Little Al,* 712 F.2d 133 (5th Cir.1983) (individual owner of seized vessels sought stay pending appeal of drug conviction); *SEC v. First Financial Group,* 659 F.2d 660 (5th Cir.1981) (brokerage firm sought stay of civil discovery pending criminal securities investigation); *U.S. v. U.S. Currency,* 626 F.2d 11 (6th Cir.1980) (defendant in forfeiture case declined to answer interrogatories); *McSurely v. McClellan,* 426 F.2d 664 (D.C.Cir.1970) (government moved for stay in declaratory judgment action brought by individuals indicted in related criminal case); *Texaco, Inc. v. Borda,* 383 F.2d 607 (3d Cir.1967) (individual plaintiff in civil antitrust suit asked for stay pending outcome of criminal action); *Campbell v. Eastland,* 307 F.2d 478 (5th Cir.1962) (government sought stay of discovery from individual plaintiffs who filed tax refund case);

*Trustees of the Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.,* 886 F.Supp. 1134 (S.D.N.Y.1995) (individual defendants moved to stay fraud case pending resolution of related criminal and civil cases); *May v. U.S.,* 515 F.Supp. 600 (S.D.Ohio 1981) (individual brought suit requesting return of confiscated property and injunction preventing its use as evidence); *Founding Church of Scientology v. Kelley,* 77 F.R.D. 378 (D.D.C.1977) (government asked for stay of discovery in church's action against governmental officials pending outcome of grand jury proceedings); *St. Paul Fire and Marine Insurance Co. v. U.S.,* 24 Cl.Ct. 513 (1991) (government requested stay of civil suit brought by contractor pending criminal investigation). It would appear, then, that this case, in which the government instituted parallel civil and criminal proceedings and then requests a stay of one pending the outcome of the other, is an anomaly.

According to 31 U.S.C. § 3731(b) (1983 & Supp.1997), an action under the False Claims Act must be brought within six years after the date that the violation was committed. This liberal statute of limitations could have permitted the Government to delay bringing this civil action until after the resolution of the criminal case. Nonetheless, the Government chose here to bring simultaneous civil and criminal proceedings, and now it complains about the timing of discovery. Even *U.S. v. Eight Thousand Eight Hundred and Fifty Dollars* ($8,850), 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), cited by the Government in support of its contention that these proceedings should be stayed, actually held at the Government should delay instituting civil proceedings where they might hamper the related criminal case.

Few of the cases cited by the Plaintiff are factually analogous, in that both the civil and criminal actions were instigated by the Government, which was also the party seeking a stay. One such case involved a civil forfeiture, in which a more persuasive argument could certainly be made regarding the urgency of instituting the civil proceeding. *U.S. v. Any and All Assets of That Certain Business Known as Shane Co.,* 147 F.R.D. 99 (M.D.N.C.1993). Even *Shane,* however, ac-

knowledged the court's discretion in granting such a stay and noted that the government must show both that the civil and criminal cases are related and substantially similar and that discovery in the civil case will compromise the criminal case. *Id.* at 101. That analysis may also take into account the stage of the criminal proceedings; thus, where the criminal investigation is pending, a request to stay discovery is more urgent. *Id.* at 102. Another analogous case was *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368 (D.C.Cir. 1980), in which both the government and the corporate defendant sought stays of discovery. Finally, in *U.S. v. Mellon Bank*, 545 F.2d 869 (3d Cir.1976), the government served a notice of levy and seizure on the defendant, who was later indicted for tax evasion. Prior to the indictment, the defendant was actually granted access to certain government documents; however, a more extensive post-indictment request for documents from the Government was denied.

A review of the cases cited by the Plaintiff also demonstrates that, where courts have granted a stay in order to prohibit discovery of the government, the information sought was often more invasive than that requested here. *Dresser*, 628 F.2d at 1388 (investigation of SEC's criminal referral to the Justice Department, the concurrent criminal investigation, the ethics of the SEC's participation in the criminal investigation, its confidentiality commitment, and the basis for the decision to investigate); *Mellon Bank*, 545 F.2d at 871 (investigative documents); *Campbell*, 307 F.2d 478 (reports of agents who had investigated plaintiffs for tax fraud); *Scientology*, 77 F.R.D. 378 (information regarding investigative techniques, surveillance, and informants). In *McSurely*, where deposition testimony was sought, the court noted that one of the functions of a deposition is to preserve testimony while it is still fresh. 426 F.2d at 195. Recognizing the length of time that it might take to complete a criminal proceeding and its related appeals, the court held that an indefinite stay of deposition testimony should not be compelled unless no alternative was available. Thus, the circuit court remanded the case for consideration of whether discovery procedures should be stayed only until the parties had finished gathering evidence for the criminal action.

As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, "Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. [cite omitted] In others it may be preferable for the civil suit to proceed—unstayed." *Campbell*, 307 F.2d at 487 (emphasis added). Moreover, the mere relationship between criminal and civil proceedings, and the resulting prospect that discovery in the civil case could prejudice the criminal proceeding, does not establish the requisite good cause for a stay. *U.S. v. 6600 North Mesa, El Paso, Texas*, 903 F.2d 312, 320 (5th Cir.1990). In a civil case, there is a strong presumption in favor of discovery, and the government must overcome that presumption in its request for a stay. Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 209 (1990).

After a review of the applicable law and the facts of this case, the court holds that the civil and criminal cases involving the Giegers are related and substantially similar. The court is not, however, persuaded that the stay requested by the Plaintiff is necessary to avoid prejudice in the criminal case. The information sought is merely the deposition of a former co-defendant, which is a request vastly distinct from a demand for the Government's investigative records. Furthermore, it appears that the criminal case is well past the investigative stage and is being prepared for trial. Finally, it is the Government that has created the conflict between the civil and criminal cases by simultaneously filing those actions. *See Parallel Civil and Criminal Proceedings*, 129 F.R.D. at 205 ("One additional, although relatively uncommon, factor which almost inevitably results in a denial of a motion for a stay is where the movant intentionally creates the impediment which he seeks to erect as a shield.") For all of these reasons, the court is convinced that the motion for a protective order, assertion

of law enforcement privilege and motion to stay proceedings should be denied. This does not prohibit the Government, however, from seeking protection from this court should the Defendants make a more invasive discovery request.

IT IS, THEREFORE, ORDERED that the Plaintiff's motion for protective order, assertion of law enforcement privilege, and motion to stay proceedings is denied.