**HARBOUR TOWN YACHT CLUB BOAT SLIP OWNERS ASSOCIATION, Plaintiff,**

v.

**SAFE BERTH MANAGEMENT, INC., and Peeples Industries, Inc., Defendants.**

**C.A. No. 9:05–CV–0109–23.**

United States District Court, D. South Carolina, Beaufort Division.

Dec. 13, 2005.

William Meriwether Bowen, Hilton Head, SC, for Plaintiff.

Adriane Malanos Belton, Sean Houseal, Buist, Moore, Smythe and McGee, Charleston, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This action is before the court upon Defendants Safe Berth Management, Inc. ("Safe Berth") and Peeples Industries, Inc.'s ("Peeples") Motion to Stay.

## BACKGROUND

On January 31, 2002, Plaintiff Harbour Town Yacht Club Boat Slip Owners' Association ("Harbour Town") and Safe Harbor Sediment Recovery ("Safe Harbor"), a division of Defendant Safe Berth, entered into a Lease Agreement for Dredging Equipment with Option to Purchase ("Lease Agreement"). Peeples served as guarantor under the Lease Agreement. Subsequently, Safe Berth allegedly breached the Lease Agreement regarding payment and Peeples allegedly breached its obligations as guarantor. Harbour Town brought suit in the Court of Common Pleas for the Fourteenth Judicial Circuit of the State of South Carolina on November 10, 2004. Defendants removed the action to this court on the basis of diversity jurisdiction on January 13, 2005.

Harbour Town is a member of a non-profit organization called South Island Dredging Association, Inc. ("SIDA"), whose members own property adjacent to navigable waters at Hilton Head Island. SIDA contracted with Safe Harbor to dredge certain marinas and waterways adjacent to property of its members, including Harbour Town Marina, at which Plaintiff's own members own boat slips. In accordance with this contract, Safe Harbor began dredging activities; however, the South Carolina Department of Health and Environmental Control ("DHEC") later suspended Safe Berth's dredging operations and issued orders against permittee SIDA for its violation for the DHEC permit authorizing dredging of SIDA's members' marinas and waterways. DHEC thereafter issued a final enforcement order adding Safe Harbor as a co-respondent and ordered SIDA and Safe Harbor to pay civil penalties for permit violations, which both parties contested.

Subsequently, federal authorities have begun a criminal investigation into the dredging activities of Safe Harbor and SIDA. Witnesses have been subpoenaed to testify at a federal grand jury hearing and it is likely that a federal indictment is forthcoming.

Defendants now move that this civil litigation be stayed until the federal criminal investigation is complete. Defendants allege that such a stay is necessary to prevent duplicative efforts by the court and to prevent Defendants' officers from being compelled to assert their Fifth Amendment privilege against self-incrimination, thus thwarting Defendants' ability to testify as to relevant facts in the civil case. A stay would also prevent the exposure of Defendants' criminal defense in advance of the criminal trial and would not unduly prejudice Plaintiff's case.

## ANALYSIS

The court has authority to stay civil proceedings pending the resolution of criminal investigations. *St. Paul Fire and Marine Ins. v. United States*, 24 Cl.Ct. 513 (1991); *Campbell v. Eastland*, 307 F.2d 478 (5th Cir.1962). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Because of the frequency with which civil and regulatory laws overlap criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceed-

ings in the face of parallel criminal proceedings. *SEC v. Dresser*, 628 F.2d 1368, 1374–75 (D.C.Cir.1980); *see also Keating v. OTS*, 45 F.3d 322, 324 (9th Cir.1995) ("[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."). "Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem [ ] to require such action, sometimes at the request of the prosecution, [ . . . ] sometimes at the request of the defense[.]' " *Dresser*, 628 F.2d at 1375 (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *United States v. Any and All Assets of That Certain Business Known as Shane Co.*, 147 F.R.D. 99, 101 (M.D.N.C. 1992)) ("[t]he public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings."); *cf. United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir.1977) (noting that a motion to stay proceedings is committed to the sound discretion of the court); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 530 (S.D.W.Va.2005).

■ To support a stay of a civil case during a criminal investigation, the moving party must show that the two proceedings are related and substantially similar so that the same evidentiary material likely will be involved and that the government's case may be compromised. *Shane Co.*, 147 F.R.D. at 101. The court must also balance any substantial harm to the civil claimant and his interest in obtaining a prompt and fair resolution of the civil ac-

tion concerning property in which he may have an interest against the moving party's interest in preserving the integrity of his criminal investigation and the narrow scope of criminal discovery. *Id.* The propriety of a stay is determined on a case-by-case analysis. *Afro–Lecon, Inc. v. United States*, 820 F.2d 1198, 1202 (Fed. Cir.1987); *Dresser*, 628 F.2d at 1375; *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 530–531 (S.D.W.Va.2005).

## DISCUSSION

*Relatedness*

■■ As a preliminary matter, "the requirement of the existence of a nexus between the parallel proceedings sufficient to show that such proceedings are related and involve substantially similar issues is the threshold factor for a stay." *Ashworth*, 229 F.R.D. at 531. Absent this relatedness, the myriad of tangible concerns in favor of a stay, including the protection of a defendant's Fifth Amendment interest and the deleterious effect of civil discovery on the prosecution or defense, dissipates. *Id.*

In this case, Defendants contend that the contractual dispute at issue is related to the federal criminal investigation. Defendants reason that the subject matter of the civil suit—alleged breach of the contract regarding the leasing of the dredging equipment—is sufficiently related to the pending criminal investigation—alleged violations of federal and state environmental laws during the use of the leased equipment.[1]

---

1. Defendants attach the Order Granting Stay issued by the Administrative Law Judge in the contested DHEC case as evidence of the propriety of granting a stay in this civil action. The court notes, however, that, unlike the instant case, the subject matter of the Administrative Law case—Defendant's dredging in violation of DHEC permits—is *exactly* the subject matter of the federal criminal investigation. The Order Granting Stay was therefore properly issued by the Administrative Law Judge; however, that issuance has no bearing on the propriety of issuing such a stay in this case.

Plaintiff disagrees with this assertion and argues that the contractual dispute may be settled with minimal reference to the activities resulting in the federal criminal investigation. Plaintiff notes that the alleged misuse of the leased equipment to violate state and federal environmental protection laws, which is the subject of the criminal investigation, is unrelated to Defendants' contractual obligation to pay for the leased equipment. As such, "[t]he scope of this contractual dispute does not extend to encompass the alleged violations of Defendants in the criminal matter." (Op. to Mot. to Stay at 6.) The court finds the Plaintiff's reasoning persuasive. The Defendants' alleged failure to make payments in accordance with the Lease Agreement is not sufficiently related to Defendants' alleged criminal violation of federal and state environmental protection laws to justify a stay of the civil action. As such, Defendants' motion to stay the current action while they are under federal criminal investigation is denied.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendants' Motion to Stay is hereby **DENIED.**

**AND IT IS SO ORDERED.**